## OTG Concessions Mgt. LLC v YOR Inc.

2025 NY Slip Op 31697(U)

May 9, 2025

Supreme Court, New York County

Docket Number: Index No. 659074/2024

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

-------------------------------------------------------------------------------X

OTG CONCESSIONS MANAGEMENT LLC,

Plaintiff,

- v -

YOR INC, KALIF ALDER, LYNDELL PARRIS,

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 659074/2024 |
| **MOTION DATE** | 02/20/2025, 02/24/2025 |
| **MOTION SEQ. NO.** | 003 004 |

**DECISION + ORDER ON MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 29, 30, 31, 32, 33, 34, 35, 36, 43, 44, 45, 46

were read on this motion to/for       JUDGMENT - DEFAULT      .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 37, 38, 39, 40, 41, 47, 48, 49, 50, 51, 52, 53, 54, 55

were read on this motion to/for       SANCTIONS      .

Upon the foregoing documents, the plaintiff's motion for default (Mtn. Seq. No. 003) is

DENIED and the defendants' motion for sanctions (Mtn. Seq. No. 004) is DENIED.

Simply put, the documentary evidence before the Court indicates that following the denial of the

plaintiff's application for an injunction based on the lack of imminent or irreparable harm

(NYSCEF Doc. No. 23), the defendants offered pursuant to CPLR 3221 and the plaintiff

accepted an offer to resolve the entire case.  To wit, the defendants wrote:

> I am preparing to serve the attached Offer of Judgment under CPLR § 3221. Please
> confirm if your office is amenable to receiving this document via email as an acceptable
> method of service, or if you would prefer service by mail or another method.
>
> Kalif Alder

(NYSCEF Doc. No. 28 at 7).

659074/2024   OTG CONCESSIONS MANAGEMENT LLC vs. YOR INC ET AL        Page 1 of 7
Motion No.  003 004

1 of 7

[* 1]

The Offer (the **Offer**) itself provides:

> Pursuant to CPLR § 3221, Defendants, Yor Inc., Kalif Alder, and Lyndell Parris, hereby make the following Offer of Judgment to Plaintiff, OTG Concessions Management, LLC:
>
> Defendants consent to judgment granting the injunctive relief requested in Plaintiff's application dated November 15, 2024 subject to the following terms:
>
> Each party shall bear its own costs, disbursements, and attorney's fees incurred in connection with this action.
>
> ***This Offer of Judgment is made solely for the purpose of resolving the pending dispute efficiently and without further litigation***. If this Offer of Judgment is not accepted in writing within ten (10) days of service, it shall be deemed withdrawn, and Defendants reserve al rights to contest Plaintiff's claims.

(*id.* at 4 [emphasis Added]).

In response, the plaintiff accepted the Offer writing (the **Acceptance**):

> Kalif – OTG accepts your offer under CPLR 3221. I will file a Notice of Acceptance with the Court tomorrow morning.
>
> Thanks,
> Jordan

(*id.* at 7).

Nothing about this Offer and Acceptance seeks to preserve rights to seek either attorneys' fees or special damages in connection with the second cause of action. Nonetheless, the next day *after* the Acceptance had occurred, the plaintiff filed on NYSCEF a Notice of Acceptance indicating its Acceptance was merely "during the pendency" of the lawsuit. To be clear, the agreement set forth in the Offer and Acceptance as to the resolution of legal fees is not ambiguous and can not be read as such. It also appears not to be ambiguous that the balance of the language in the actual Offer and Acceptance was to resolve the entire case. That said, now, the plaintiff argues

659074/2024   OTG CONCESSIONS MANAGEMENT LLC vs. YOR INC ET AL          Page 2 of 7
Motion No. 003 004

2 of 7

[* 2]

that because the Offer indicates that it was for the "pending dispute," that it had a different understanding as to what that language meant. Indeed, according to the plaintiff, notwithstanding that its application for an injunction had been denied and that it had not even filed a notice of appeal, it understood the language "pending" to mean during its not-yet-filed appeal of this Court's denial of the injunction.

The prayer for relief in the Complaint sought only:

1. A temporary restraining order prohibiting Defendants, individually or collectively, directly or indirectly, from (i) making any statements, in public or private, or causing any statements to be made, about the parties performance under the OPS Agreement, (ii) publicly using or displaying, or causing to be publicly used or displayed, any name, tradename, trademark, trade dress or logo owned by or associated with OTG or any business operated by any subsidiary or affiliate thereof, or verbally or in writing making any public statement, or causing to be made any public statement relating to OTG, the nature of the Defendant's relationship with OTG or the Arbitration, including any publication on websites, social media platforms, in any press releases, advertisements, marketing materials, trade or other publications or to any reporter or in any public forum, (iii) or permitting any of the foregoing to remain in the public domain;

2. A preliminary injunction prohibiting Defendants, individually or collectively, directly or indirectly, from (i) making any statements, in public or private, or causing any statements to be made, about the parties performance under the OPS Agreement, (ii) publicly using or displaying, or causing to be publicly used or displayed, any name, tradename, trademark, trade dress or logo owned by or associated with OTG or any business operated by any subsidiary or affiliate thereof, or verbally or in writing making any public statement, or causing to be made any public statement relating to OTG, the nature of the Defendant's relationship with OTG or the Arbitration, including any publication on websites, social media platforms, in any press releases, advertisements, marketing materials, trade or other publications or to any reporter or in any public forum, (iii) or permitting any of the foregoing to remain in the public domain;

3. A permanent injunction prohibiting Defendants, individually or collectively, directly or indirectly, from (i) making any statements, in public or private, or causing any statements to be made, about the parties performance under the OPS Agreement, (ii) publicly using or displaying, or causing to be publicly used or displayed, any name, tradename, trademark, trade dress or logo owned by or associated with OTG or any business operated by any subsidiary or affiliate thereof,

659074/2024   OTG CONCESSIONS MANAGEMENT LLC vs. YOR INC ET AL
Page 3 of 7
Motion No.  003 004

3 of 7

[* 3]

or verbally or in writing making any public statement, or causing to be made any public statement relating to OTG, the nature of the Defendant's relationship with OTG or the Arbitration, including any publication on websites, social media platforms, in any press releases, advertisements, marketing materials, trade or other publications or to any reporter or in any public forum, (iii) or permitting any of the foregoing to remain in the public domain;

4. An award of attorney's fees pursuant to Section 18 of the OPS Agreement; and

5. Such other relief as the Court deems just and appropriate.

(NYSCEF Doc. No. 1 at 20-21).

Although the second cause of action makes mention of special damages, the prayer for relief in the complaint does not seek special damages. It seeks injunctive relief and attorneys' fees – both of which are resolved by virtue of the Offer and Acceptance. Even if attorneys' fees were not resolved by the parties' agreement, it is clear on the record before the Court that the plaintiff has not and can not obtain legal fees given the requirements set forth in Section 18 of the Agreement:

b) Each party acknowledges that in the event of any violation of the covenants set forth in Sections 15, 16 and 17 of the Agreement, the other party may sustain serious, irreparable and substantial harm to its business and interests, the extent of which may be difficult to determine and impossible to fully remedy by an action at law for money damages. Accordingly, each party agrees that, in the event of such violation or threatened violation, the aggrieved party may seek from a court of competent jurisdiction a temporary restraining order, preliminary injunction or other equitable relief pending the arbitration of any underlying dispute, without the necessity of posting a bond or proving actual or irreparable damages by reason of the violation or threatened violation. The equitable relief provided for herein shall be in addition to all such other legal and equitable remedies available to the aggrieved party. If a party enforcing the provisions of the Agreement obtains a restraining order or an injunction, *the other party agrees that it shall reimburse the enforcing party upon demand for all costs incurred (including, without limitation, reasonable attorney's fees) by the enforcing party in obtaining such relief.*

(NYSCEF Doc. No 2 § 18 [b] [emphasis added]).

659074/2024   OTG CONCESSIONS MANAGEMENT LLC vs. YOR INC ET AL          Page 4 of 7
   Motion No.  003 004

[* 4]                                                4 of 7

In any event, no injunction was awarded by the Court and the parties do not dispute that in fact the conduct stopped.[1]

Now, the plaintiff has moved for a default judgment as against the defendants – each of which is a party to the Offer and Acceptance.

CPLR 3215 provides that "[w]hen a defendant has failed to appear, plead or proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed, the plaintiff may seek a default judgment against him" (CPLR 3215 [a]).

The Affidavit of Merit in support of this application indicates that the plaintiff suffered certain unspecified reputational harm:

> 11. It is difficult, if not impossible, to quantify the reputational harm and damage to OTG's goodwill and business relationships being caused by the social media posts, emails to OTG's business partners and phone calls to individuals who oversee airport concession operations and contracts.

(NYSCEF Doc. No. 36 ¶ 11).

In any event, it simply can not be said on this record that the defendants "failed to appear, plead or proceed to trial" or "neglected to proceed" (CPLR 3215 [a]). They thought that they had resolved the entire case (and as discussed above), it appears that they did! Thus, the motion is denied.

---

[1] It is simply nonsensical to suggest that by entering in the agreement, the defendants exposed themselves to attorneys' fees given the Court's denial of the application for an injunction.

**659074/2024  OTG CONCESSIONS MANAGEMENT LLC vs. YOR INC ET AL**            **Page 5 of 7**
**Motion No.  003 004**

Although a closer call, the defendants' motion for sanction is also denied.  The plaintiff indicates that it had a different understanding of what "pending" meant and that it meant to leave open its claims for special damages. The Offer and Acceptance does not say that (as you would expect) or anything like that and the prayer for relief does not provide for that.  Nonetheless, the Court declines to award sanctions at this time.

As discussed (*tr.* 5.8.25), to the extent that plaintiff desires to seek special damages, it must file an amended complaint within 30 days.  If it does not, the defendants may move to dismiss by order to show cause.  If the plaintiff does, the defendants must file a responsive pleading within 30 days thereafter.

The Court has considered the parties' remaining arguments and finds them unavailing.

Accordingly, it is hereby

ORDERED the plaintiff's motion for default (Mtn. Seq. No. 003) is DENIED and the defendants' motion for sanctions (Mtn. Seq. No. 004) is DENIED; and it is further

ORDERED that to the extent that the plaintiff desires to seek special damages, it is granted leave to amend its complaint within 30 days; and it is further

ORDERED that if the plaintiff does not amend its complaint within 30 days, the defendants are granted leave to move to dismiss the case by order to show cause; and it is further

ORDERED that if the plaintiff does amend its complaint within 30 days, the defendants shall file a responsive pleading within 30 days thereafter.

20250509120529ABORROK2B53FF8BEB2A4972963483F0F112C60D

__5/9/2025__
**DATE**

**ANDREW BORROK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

659074/2024   OTG CONCESSIONS MANAGEMENT LLC vs. YOR INC ET AL
Motion No.  003 004

Page 7 of 7

7 of 7